883 F.2d 74
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John S. HALL, Petitioner-Claimant,
v.
THE BENEFITS REVIEW BOARD, UNITED STATES DEPARTMENT OF
LABOR, Respondent,
and
Consolidation Coal Company, Respondent-Employer,
and
The Director, Office of Workers Compensation Programs,
United States Department of Labor,
Respondent-Party-in-Interest.
 No. 88-3725.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 On Petition for Review of a Decision of the Benefits Review Board.
 PER CURIAM.
 
 
 1
 Petitioner John S. Hall seeks review of a decision and order of the Benefits Review Board, which affirmed an administrative law judge's finding that Mr. Hall was not entitled to black lung benefits. Mr. Hall urges this court to hold that the ALJ erred in assessing Mr. Hall's claim under 20 C.F.R. Sec. 727.203 rather than Sec. 410.490. Mr. Hall also argues that the Board exceeded its authorized scope of review in vacating the ALJ's initial decision awarding benefits. Believing that the ALJ evaluated Mr. Hall's claim under the right regulations and that the Board did not exceed its legitimate powers of review, we shall affirm the Board's decision.
 
 
 2
 * * *
 
 
 3
 * * *
 
 
 4
 On July 21, 1977, Mr. Hall filed an application for benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq. On January 5, 1982, after a hearing, an administrative law judge decided that the claimant was entitled to benefits under the Act. The ALJ reached this conclusion on the basis of the interim presumptions in Sec. 727.203. In particular he found that Mr. Hall had engaged in coal mine employment for more than 25 years and had established the presence of a chronic respiratory or pulmonary disease through ventilatory studies. The ALJ found that the employer failed to rebut the presumption of total disability due to pneumoconiosis. The employer's rebuttal evidence consisted of two doctors' reports to the effect that Mr. Hall did not have pneumoconiosis and his disability arose not from coal mine employment but from cigarette smoking. Although Drs. Kress and Anderson found no evidence of coal worker's pneumoconiosis, Dr. Kress's report was rejected because he had not examined Mr. Hall, and Dr. Anderson's report was rejected because the doctor had, in the ALJ's opinion, "overlooked the synergistic impact of the combination of tobacco smoke and coal dust exposure."
 
 
 5
 The Benefits Review Board vacated the ALJ's decision on appeal. The Board found no evidence of a synergistic relationship between tobacco smoke and coal dust exposure. Dr. Anderson had considered Mr. Hall's coal mine employment, and the Board concluded that the ALJ had simply rejected Dr. Anderson's report because it varied from the ALJ's own conclusion. The Board remanded the case for reconsideration of Dr. Anderson's opinion. The Board also instructed the ALJ to reconsider Dr. Kress's report.
 
 
 6
 On remand the ALJ credited the opinions of Drs. Anderson and Kress and found that they constituted "substantial evidence" sufficient to rebut the Sec. 727.203 interim presumption of disability due to pneumoconiosis arising out of coal mine employment. The ALJ found that Mr. Hall was totally disabled by a pulmonary impairment that resulted from cigarette smoking. The ALJ therefore concluded that the claimant was not entitled to benefits under the Act.
 
 
 7
 The ALJ's decision on remand was appealed, and the Board affirmed the ALJ's finding of rebuttal pursuant to Sec. 727.203(b)(3). The Board again remanded the case, however, instructing the ALJ to consider the applicability of 20 C.F.R. Sec. 410.490 in light of Kyle v. Director, OWCP, 819 F.2d 139 (6th Cir.1987), cert. denied, 102 L.Ed.2d 591, 109 S.Ct. 566 (1988), a case decided subsequent to the ALJ's most recent decision. The employer then moved for reconsideration, and the Board vacated its remand order and let stand the determination that the claimant had not established entitlement to benefits. In cancelling the remand the Board relied on an unrelated decision in which it had held that Sec. 410.490 was invalid under the Administrative Procedure Act. Mr. Hall petitioned this court for review.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 Mr. Hall argues that the Benefits Review Board erred in holding Sec. 410.490 invalid and urges this court to remand the case for consideration of the applicability of the Part 410 regulations. We need not decide whether the Board erred in holding Sec. 410.490 invalid, for Youghiogheny & Ohio Coal Co. v. Milliken, 866 F.2d 195 (6th Cir.1989), has eliminated any possibility that the Part 410 regulations apply to this case.
 
 
 11
 The date of a claim for benefits determines which set of regulations applies to the claim. Claims filed before July 1, 1973, are governed by Part 410 of the regulations, if that part is valid, and claims filed after April 1, 1980, are evaluated under Part 718 and Sec. 725.4(a). Claims filed between July 1, 1973, and April 1, 1980, are governed in the first instance by interim regulations set forth in Part 727. Milliken, 866 F.2d at 198. Under this scheme Mr. Hall's claim, which was filed in 1977, would be evaluated under the interim regulations in Part 727. In Kyle v. Director, 819 F.2d 139 (6th Cir.1987), however, we required a claim filed during the 1973-1980 period to be considered under Part 410 rather than Part 727. We based our holding on the finding that the Part 727 regulations were "more restrictive" than the former regulations, in contravention of 30 U.S.C. Sec. 902(f)(2), insofar as Part 727 required 10 years of coal mine employment in order to invoke a presumption of total disability due to pneumoconiosis arising out of coal mine employment. The Part 410 regulations included no such requirement. Mr. Kyle had been a coal miner for eight and one-half years.
 
 
 12
 Subsequent to Kyle --and subsequent to Pittston Coal Group v. Sebben, 102 L.Ed.2d 408, 109 S.Ct. 414 (1988)--a number of claimants have pressed the argument that the Part 727 regulations are more restrictive than the Part 410 regulations because the former provide more ways for an employer to rebut the presumption of disability. If this argument were to be accepted, miners with fewer than 10 years' coal mine employment would not be the only ones who could claim that the interim regulations were more restrictive; Part 727 would also be more restrictive in cases where an employer was permitted to rebut the presumption of disability on a basis not provided by Sec. 410.490(c). Mr. Hall's is such a case.
 
 
 13
 Mr. Hall had more than 25 years of coal mine employment. The ALJ found in the opinions of Drs. Anderson and Kress evidence rebutting the presumption that Mr. Hall's total disability arose out of coal mine employment. Section 727.203(b)(3) provides that the presumption shall be rebutted if "the evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment." Section 410.490(c) has no such provision and requires evidence that the individual is doing or can do coal mine work or comparable work in order to rebut the presumption. The ALJ found that although Mr. Hall was not able to do coal mine work or comparable work, his total disability did not stem from his coal mine employment. It is thus open to argument, in Mr. Hall's case, that the broader rebuttal provisions of Sec. 727.203 make that regulation "more restrictive" than the Part 410 regulations.
 
 
 14
 Such arguments have been flatly rejected in prior decisions of this court. "We have explicitly declined ... to extend our holding in Kyle to the regulations governing rebuttal of the interim presumption." Milliken, 866 F.2d at 201 (emphasis in original). We held in Milliken that even where miners with fewer than 10 years of coal mine employment were entitled to establish a presumption of disability under Part 410, the rebuttal portion of the Part 727 regulations continued to apply. Id. at 102. Milliken leaves no doubt that Mr. Hall, who had more than 10 years of coal mine employment and who filed his claim in 1977, was not entitled to have his claim evaluated under Part 410. The Board did not err in vacating its remand order.
 
 
 15
 Mr. Hall also urges us to conclude that the ALJ's original decision granting benefits was supported by substantial evidence in the record, so that the Board's vacatur of the decision exceeded the scope of the Board's review. We do not think the record warrants this conclusion. In his initial decision the ALJ plainly erred in finding that Dr. Anderson had failed to consider the effect of coal dust exposure on Mr. Hall. Because the ALJ wrongly discredited the doctor's opinion, the Board vacated the ALJ's decision and remanded for a reconsideration of the employer's rebuttal evidence.
 
 
 16
 We do not think the Board's action is inconsistent with 23 U.S.C. Sec. 921(b)(3), which requires the Board to view the ALJ's findings of fact as "conclusive if supported by substantial evidence in the record considered as a whole." In vacating the ALJ's initial decision and remanding the case for reconsideration, the Board did not impermissibly substitute its view of the evidence for that of the ALJ. It simply identified a legal error made by the ALJ and remanded for a proper consideration of the evidence.
 
 
 17
 The ALJ's second decision, finding that the employer had rebutted the presumption of disability, was supported by substantial evidence in the record. We reject the employer's suggestion that Dr. Anderson did not consider the impact of occupational dust exposure. The doctor's report notes Mr. Hall's lengthy coal mine employment and cited the patient's "flow volume loop" as indicative of obstructive lung disease rather than pneumoconiosis resulting from coal dust exposure. Moreover, the ALJ justifiably relied on Dr. Kress's opinion on remand.
 
 
 18
 "[A] finding of nondisability contained in the report of a physician who has not examined a patient is insufficient evidence to rebut the positive proof of disability" established by a claimant. Collins v. Secretary, HHS, 734 F.2d 1177, 1180 (6th Cir.1984). Had Dr. Kress's opinion been the sole evidence to contradict the evidence of disability, the presumption of disability would not have been rebutted. As the ALJ said in his initial decision, Dr. Kress's opinion "cannot stand independently because he failed to examine the patient." But Dr. Kress's report was entirely consistent with Dr. Anderson's. The ALJ did not err in giving Dr. Kress's opinion some weight under these circumstances.
 
 
 19
 The decision of the Benefits Review Board is AFFIRMED.